IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MONICA MITCHELL and KIMBERLY HUNTER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 09-0128-KD-M |
| SONITROL OF MOBILE, INC., an Alabama Corporation, and JOSEPH H. DZWONKOWSKI, an individual, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiffs' motion to enforce settlement agreement (doc. 10). Upon consideration, and for the reasons set forth herein, the motion is **DENIED** for lack of jurisdiction.

The order of dismissal, entered June 4, 2009, provided that either party may reinstate the action within thirty days if the settlement was not consummated (doc. 9). The thirty day time period expired July 4, 2009, making any motion to reinstate due Monday, July 6, 2009. Plaintiffs did not move the Court to reinstate the action. Plaintiffs filed their motion to enforce the settlement agreement on July 10, 2009.

The Court does not have inherent power to enforce a settlement agreement even though the agreement was made to settle a lawsuit in the federal court. The Supreme Court in Kokkonen v. Guardian Life Insurance Co., 511 U.S. 375 (1994), explained that enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Id. at 378. The Supreme Court also stated that "enforcement of the settlement agreement is for state courts, unless there is some independent

basis for federal jurisdiction." Id. at 382.  Thus, the Court must have ancillary jurisdiction either because "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal" or"some independent basis for federal jurisdiction" exists. Id. at 380-82.

Therefore, the Court must first inquire into its jurisdiction  See Fitzgerald v. Seaboard System R.R., Inc., 760 F.2d 1249, 1251 (11th Cir.1985) ("federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."); Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").   The terms of the settlement agreement were not made part of the order of dismissal, so the court does not have ancillary jurisdiction.  The complaint indicates that the plaintiffs are not diverse from all of the defendants.  The plaintiffs identify themselves as residents of Mobile County, Alabama and allege that defendant Sonitrol is an Alabama Corporation.[1]  Even were the parties diverse, the amount of the settlement is below the jurisdictional minimum for diversity jurisdiction.  No other potential source of federal jurisdiction appears to be present. Therefore, the Court does not appear to have federal diversity jurisdiction.

Since the order dismissing this action does not provide that breach of the settlement

---

[1] There is no allegation as to defendant Joseph H. Dzwonkowski's citizenship. However, since the action was brought under the Fair Labor Standards Act an allegation of Dzwonkowski's citizenship was not relevant to the action.

agreement would constitute a breach of the order and no other independent basis of jurisdiction appears to exist, the Court does not have jurisdiction to enforce settlement.  Accordingly, the motion to enforce settlement agreement is **DENIED** for lack of jurisdiction.

    DONE this the 19th day of August, 2009.

                                       s / Kristi K. DuBose  
                                       KRISTI K. DuBOSE  
                                       UNITED STATES DISTRICT JUDGE